AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

**SEALED**

United States of America
v.
Rodolfo will
Rodolfo Herrera Rodriguez, YOB: 1980
Jose Julian Abundiz, YOB: 1977
Gerardo Rubio Longoria, YOB: 1979

Case No. M-14-1285-M

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 28, 2014__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841 | knowingly or intentionally possess with intent to distribute more than 1,000 kilograms of marijuana, a Schedule I controlled substance |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

Approved:
[signature]
AUSA

[signature]
*Complainant's signature*

James Matthew Moody-Special Agent/FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 3, 2014

[signature]
*Judge's signature*

City and state: McAllen, Texas

Peter E Ormsby
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent James Matthew Moody, being duly sworn, do hereby depose and state that:

1. I am currently employed as a Special Agent of the Federal Bureau of Investigation (FBI) assigned to the McAllen Resident Agency, San Antonio Division. I have been employed by the FBI since January, 2011. I was previously employed as an Assistant State's Attorney for Macon County, Illinois for two years and a State of Illinois labor investigator for four years.

2. This affidavit is being filed based on the personal knowledge and observations of the affiant and other law enforcement personnel. This affidavit is intended to support probable cause, but it is not intended to convey all the facts of the investigation.

3. On or about Tuesday, January 28, 2014, the High Intensity Drug Trafficking Area Task Force (HIDTA) received information in reference to an undetermined amount of marijuana being stored at a warehouse located at 111 North 7th Street, Alamo, Texas.

4. HIDTA Agents set up surveillance on the Alamo warehouse suspected of housing marijuana. Agents observed Irineo Razo arrive and enter the warehouse. Agents then approached the warehouse in order to interview the occupants and obtain consent to search the premises.

5. Agents made contact with Razo who was eating lunch at the warehouse at the time. Razo immediately identified himself and advised that he was in charge of the maintenance of the warehouse. Razo provided both verbal and written consent authorizing agents to search the warehouse.

6.      Razo advised HIDTA Agents that there were some males in the rear part of the warehouse. Agents immediately heard someone running in the rear of the warehouse. While attempting to locate these males, Agents observed several pallets containing boxes of produce.

7.      Subsequently, Agents located three males hiding in the attic area of the warehouse. The three males were detained and identified as:

- Rodolfo Herrera RODRIGUEZ, Year of Birth: 1980
- Jose Julian ABUNDIZ, Year of Birth: 1977
- Gerardo Rubio LONGORIA, Year of Birth: 1979

8.      RODRIGUEZ remarked that the dumb people or the people at the bottom of the group always get arrested and not the ones on the top.

9.      Agents found several boxes of produce containing large compressed bundles. Agents, based on their training and experience, recognized the odor emitting from these boxes as the odor of marijuana.

10.     Agents then secured the warehouse in order to obtain a search warrant. Meanwhile, Agents interviewed Razo in reference to the warehouse, produce, and male individuals that hid in the attic.

11.     Razo advised that he was employed by the owner of the warehouse, Robert Acosta, as a maintenance worker. Razo further advised that RODRIGUEZ had leased the warehouse from Acosta. Razo believed RODRIGUEZ was in the business of transporting produce. Razo stated that tractor trailers had delivered produce to the warehouse on the previous days.

12.     Pursuant to a search warrant, Agents searched the warehouse and recovered 362 compressed bundles of a green leafy substance that, based on training and experience, Agents

believed to be marijuana commingled within boxes of produce. The bundles weighed a total of 3,579 pounds.

13. RODRIGUEZ, ABUNDIZ, and LONGORIA, after being advised of their Miranda Rights, agreed to speak to Agents. However, all three men provided conflicting statements.

14. LONGORIA stated that he is out of work and just happened to be driving by the warehouse with his wife when he decided to stop and ask for employment. LONGORIA claims to have spoken to an unknown male agreed to allow LONGORIA to clean the warehouse and sell any scraps that he collected for profit. LONGORIA advised that when he arrived at the warehouse, RODRIGUEZ and ABUNDIZ were already there.

15. LONGORIA claimed that he did not know RODRIGUEZ or ABUNDIZ. LONGORIA further advised that he, RODRIGUEZ and ABUNDIZ had been in the office of the warehouse waiting for a tractor trailer to arrive. LONGORIA was going to help load some materials into the trailer. Then the police arrived and LONGORIA heard one of the other males yell "Coree, la policia" or "Run, the police."

16. RODRIGUEZ stated that he had just been hired to clean the warehouse the day before and that this was only his second day on the job. RODRIGUEZ stated that he only knew LONGORIA and had actually brought LONGORIA to work with him that morning. RODRIGUEZ stated that he had just met ABUNDIZ.

17. RODRIGUEZ denied knowing anything about a tractor trailer due to arrive at the warehouse. RODRIGUEZ also denied having any knowledge of the produce inside the warehouse.

18. ABUNDIZ, who was also in possession of cocaine upon his arrest, stated that he

3

is friends with RODRIGUEZ and has known him for approximately one year. ABUNDIZ stated that he had been hired by RODRIGUEZ to come to the warehouse in order to operate a forklift. ABUNDIZ further stated that on the same morning that the police arrived at the warehouse, ABUNDIZ had received a call from RODRIGUEZ asking him to come to the warehouse because RODRIGUEZ was expecting a tractor trailer to arrive at the warehouse.

19. ABUNDIZ advised that when he arrived at the warehouse, RODRIGUEZ and LONGORIA were already there. When the police arrived, someone yelled to run. ABUNDIZ asked why and LONGORIA responded "por el jale" or "because of the stuff."

20. Jesus ALVARADO, aka EL TIGRE, a cooperating defendant, has advised Agents that he was involved in a drug trafficking organization that included Ramon HERRERA and Roberto HERRERA (hereinafter "the HERRERA brothers"). The HERRERA brothers have been identified as Rodolfo Herrera RODRIGUEZ's cousins.

21. ALVARADO advised that ALVARADO was in charge of transporting illegal narcotics belonging to the HERRERA brothers. ALVARADO's duties included procuring warehouses, drivers, and tractor trailers.

22. ALVARADO further advised that the marijuana recovered in this investigation belonged to the HERRERA brothers and that the men arrested at the warehouse were recruited by the HERRERA brothers.

23. At the time of his arrest at the warehouse, ABUNDIZ was in possession of a cellular telephone containing a contact listed as "Tigere." The phone number associated with this contact was identified by an FBI Confidential Human Source as a number utilized by ALVARADO.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
James Matthew Moody
Special Agent
Federal Bureau of Investigations

Signed and sworn before me on this 3rd day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE